**GANSON, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Common Pleas Court, Franklin County.

No. 185706.   Decided February 25, 1953.

Cedric Vogel, Cincinnati, for appellant.

C. William O'Neill, Atty. Genl., Ralph Mahaffey, Asst. Atty. Genl., Columbus, for appellee.

### OPINION

By HARTER, J.

ORDER OF BOARD OF LIQUOR CONTROL (REVOKING C-1 AND C-2—CARRY OUT PERMITS) - - - AFFIRMED.

By this appeal under §154-73 GC, appellant seeks to reverse an order of the Board of Liquor Control which revoked his C-1 and C-2 (Carry out) Permits of his Super-market in Cincinnati, Ohio.

The record shows that on May 24, 1952, an inspector for the Department of Liquor Control entered appellant's store (which was operated on appellant's behalf by a son, Norman Ganson) and told a 14 year old boy who was working there that he, the inspector, was in a hurry and asked the boy to hand him a carton of beer from one of the shelves.   The boy did so.   Thereupon, the permit holder was cited for violation of Regula-

tion No 56, of the Ohio Board of Liquor Control. That Regulation, so far as material, is:

"No person under the age of twenty-one years shall .be employed for or permitted by any permit holder to participate in any manner whatsoever in the handling * * * of malt liquor * * *: nor shall any person under the age of eighteen years be * * * permitted by any permit holder to participate in any manner whatsoever in the handling * * * of beer."

Through a misunderstanding and illness, no one appeared on appellant's behalf at the hearing before the Board of Liquor Control. The order of the Board at the hearing was **complete revocation,** not mere suspension, of the carry-out permits.

On this record, we feel we are justified in observing that the order of complete revocation seems unduly harsh and a most severe penalty. However, this Court is, we believe, wholly without power to modify the penalty; rather it is our clear duty to affirm the Liquor Board's order because, quite obviously, there is, in this record, "reliable, probative and substantial evidence" to support the order. The quoted language is from §154-73 **GC,** as amended in 1951. Under the language of that statute, as added in the 1951 amendment, it is **only** when the reviewing court **does not** find such supporting evidence that the Court has power to consider reversal or modification of the order appealed from. As we see it, "abuse of discretion" is no longer a test on judicial review of an agency's order under the Administrative Procedure Act.

Sorry as we are (in that "revocation," rather than "suspension," is the penalty here) we must affirm the order here.